# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 17-5068**                    **September Term, 2018**

1:15-cv-01328-RBW

**Filed On:** December 21, 2018

K. Wendell Lewis, et al.,

        Appellees

    v.

Pension Benefit Guaranty Corporation,

        Appellant

**BEFORE:**    Griffith and Pillard, Circuit Judges; and Williams, Senior Circuit Judge

# O R D E R

Upon consideration of the appellees' petition for panel rehearing filed October 5, 2018, and the response thereto, it is

**ORDERED** that petition be granted, but only to the extent that the petition requests that the final sentence of the opinion filed August 21, 2018, be clarified. It is

**FURTHER ORDERED** that the August 21, 2018 opinion be amended as follows:

Page 14 of the slip op., Section III, delete the last sentence and insert the following sentence and footnote in lieu thereof: We reverse the district court's ruling that disgorgement is an available remedy against the Corporation and we remand to the district court for further proceedings consistent with this opinion.[1]

_____

[1]In their petition asking that we amend the opinion, the pilots assert that their amended complaint—specifically, the fiduciary breach claim—seeks remedies in addition to disgorgement, which the pilots hope to pursue on remand. _See_ Pet. 6-11. The Corporation responds that the fiduciary breach claim seeks only disgorgement, the pilots have not pursued additional remedies throughout "multiple years of litigation," and the panel "should not resuscitate the fiduciary breach claim" "for reasons [the pilots] did not advance in the district court." Resp. 2, 8. Our "normal rule" is to avoid passing on an issue that the district court has not fully addressed, _Liberty Prop. Tr. v. Republic Props. Corp._, 577 F.3d 335, 341 (D.C. Cir. 2009), and remand is particularly appropriate when the issue hinges on the proper construction of the available remedies in litigation over

**No. 17-5068**                                    **September Term, 2018**

The Clerk is directed to issue the amended opinion.


**<u>Per Curiam</u>**


                                    **FOR THE COURT:**
                                    Mark J. Langer, Clerk

                        BY:    /s/
                                    Ken Meadows
                                    Deputy Clerk

---

which the district court long presided, *see Blessing v. Freestone*, 520 U.S. 329, 345-46 (1997) (remanding because "the complaint is less than clear" with regard to the rights asserted and the specific relief sought, and that "defect is best addressed by sending the case back for the District Court to construe the complaint in the first instance, in order to determine exactly what rights, considered in their most concrete, specific form, respondents are asserting"). Therefore, we remand the matter to the district court for further proceedings consistent with this opinion, and specifically to determine in the first instance whether the amended complaint seeks remedies for the alleged fiduciary breach in addition to disgorgement. Of course the implications of the opinion's statutory analysis remain unaltered.